# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HISCOX INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                             Case No: 6:16-cv-426-Orl-40GJK

**REVIVE ATHLETICS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** PLAINTIFF'S, HISCOX INSURANCE COMPANY, INC., MOTION FOR DEFAULT AGAINST DEFENDANT REVIVE ATHLETICS, INC. (Doc. No. 13)
>
> **FILED:** January 11, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND.

On March 31, 2016, Plaintiff filed an Amended Complaint against Defendant seeking declaratory relief to determine whether there is coverage under two insurance policies Plaintiff issued to Defendant. Doc. No. 6. In the Amended Complaint, Plaintiff seeks a declaration that the Commercial General Liability Policy and the Professional Liability Policy are void *ab initio*. *Id.* at 14, 16. In the alternative, Plaintiff asks that the Court declare that Plaintiff is not required to defend or indemnify Defendant regarding a Louisiana criminal investigation under either policy. *Id.* at 25, 30.

In the Amended Complaint, Plaintiff alleges that the insurance policies are void *ab initio* because Defendant made material misrepresentations on the applications. *Id.* at ¶ 1.[1] On October 15, 2015, Matthew David Harrell was the owner, operator, or administrator of Defendant and filled out the applications for the policies at issue. *Id.* at ¶¶ 10, 20, 21. On both applications, Harrell represented that, based on his knowledge, "during the last five years a third party has never made a claim against your business and you do not know of any reason why someone may make a claim." Doc. No. 6-5 at 4; Doc. No. 6-6 at 4. Coverage under the insurance policies began on October 15, 2015. Doc. No. 6-5 at 2; Doc. No. 6-6 at 2.

On November 6, 2014, a Georgia grand jury charged Harrell "with one count of Medicaid Fraud, one count of Conspiracy to Defraud the State and one count of Identity Fraud for his activities as the owner and operator of Revive Athletics, Inc. located in Henry County, Georgia." Doc. No. 6 at ¶ 11. "On September 16, 2015, the Louisiana Department of Justice/Medicaid Fraud Control Unit obtained a search warrant for bank accounts in the name of Harrell and Revive at JP Morgan Chase Bank (the 'Louisiana Search Warrant')." *Id.* at ¶ 14. On October 9, 2015, Harrell filed motions to quash or modify the Louisiana Search Warrant and to release the seized funds. *Id.* at ¶¶ 17, 18. The Georgia indictment and Louisiana Search Warrant were not disclosed on the insurance applications, even though Harrell was aware of both. Doc. No. 6 at ¶¶ 22, 39; Doc. Nos. 6-5, 6-6. Copies of the policies, indictment, application for search warrant, Harrell's motions, and Defendant's claims notification form are attached to the Amended Complaint. Doc. Nos. 6-1 through 6-9.

Plaintiff issued the policies to Defendant based on the representations made in the applications. Doc. No. 6 at ¶¶ 35, 56. The applications, however, contained material

---

[1] Since a clerk's default has been entered against Defendant, Doc. No. 11, all well-pleaded facts are taken as true. *See infra* p. 5.

misrepresentations. *Id.* at ¶¶ 41, 62. If Defendant advised Plaintiff of the Georgia indictment or the Louisiana Search Warrant, then Plaintiff would not have issued the policies. *Id.* at ¶¶ 42, 63.

Plaintiff also alleges in the Amended Complaint that, even if the Court finds that the policies are not void *ab initio*, there is no coverage under the policies. *Id.* at 17-30. Plaintiff alleges the following reasons why there is no coverage for the criminal investigation associated with the Louisiana Search Warrant (the "Louisiana Criminal Investigation") under the Commercial General Liability Policy:

- the definitions of "bodily injury," "property damage," and "occurrence," are not encompassed by the Louisiana criminal investigation;
- the allegations in the Louisiana criminal investigation involve injuries Defendant expected or intended;
- Louisiana has not alleged a "personal and advertising injury;"
- "the Louisiana Criminal Investigation alleges oral or written publication of material done by or at the direction of the insured with knowledge of its falsity[;]"
- the facts underlying the Louisiana Criminal Investigation occurred before the policy period began; and
- "the Louisiana Criminal Investigation involves allegations of criminal acts committed by [Defendant]."

*Id.* at ¶¶ 75, 76, 78-81.

Plaintiff also alleges that there is no coverage under the Professional Liability Policy. *Id.* at 25-30. Plaintiff bases this on the following reasons:

- Defendant is not liable for "damages" as defined in the policy;
- a "claim," as defined in the policy, has not been made against Defendant;

- "the Louisiana Criminal Investigation was executed prior to the policy period[;]"

- "wrongful acts," as defined in the policy, are not alleged;

- Defendant was not legally entitled to any profit or advantage;

- Plaintiff is not obligated to pay for any claim arising out of a wrongful act committed before January 1, 2012, or that Defendant knew about before the policy period and had a reasonable basis to believe that the wrongful act could give rise to a claim; and

- the claim is brought by a state agency.

*Id.* at ¶¶ 91-96.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, Defendant was served, but failed to appear, and a Clerk's default was entered against it. Doc. Nos. 9, 11. On January 11, 2017, Plaintiff filed a Motion for Default Against Defendant, Revive Athletics, Inc. (the "Motion"). Doc. No. 13. In the Motion, Plaintiff requests that the Court enter a final default judgment against Defendant "rescinding the Policy or, in the alternative, finding that there is no coverage under the CGL or PL Policies for this loss."[2] *Id.* at 20.

**II.    ANALYSIS.**

    **A.    Clerk's Default.**

Under the Federal Rules of Civil Procedure, a corporation may be served pursuant to: 1) the laws of the state where the district court is located or where service is made; or 2) the methods of service provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1). The Federal Rules of Civil Procedure and Florida and Georgia law all provide that a corporation may be served by serving the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. § 48.081(3)(a) (2016); Ga. Code § 9-11-4(e)(1)(A) (2013). On May 27, 2016, Defendant was served via service

---

[2] Plaintiff does not request an award of attorney's fees and costs, either in the Motion or the Amended Complaint. Doc. Nos. 6, 13.

on its registered agent in Georgia. Doc. No. 9. Plaintiff thus demonstrated that service was proper.

Defendant had twenty-one days from the date of service to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendant neither responded to the Complaint nor appeared in this action. Accordingly, the Clerk properly entered a default against it. Fed. R. Civ. P. 55(a).[3]

### B. Default Judgment

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter a default judgment. In the Motion, Plaintiff requests that the Court enter a final default judgment against Defendant "rescinding the *Policy* or, in the alternative, finding that there is no coverage under the CGL or PL Policies for this loss." Doc. No. 13 at 20 (emphasis added). The Motion does not define "Policy," and there are two policies at issue: the Commercial General Liability Policy and the Professional Liability Policy. Doc. No. 13. As it is unclear what "Policy" refers to in the Motion's Wherefore clause, it is recommended that Plaintiff is not entitled to a default judgment on rescission. Plaintiff requests alternative relief to rescission in the Motion, however. *Id.* at 20. If the Court does not find in favor of Plaintiff on the rescission claims, then Plaintiff asks that the Court

---

[3] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1337. Doc. No. 6 at ¶¶ 2, 3. The Court also has personal jurisdiction over Defendant, as its principal place of business is in Orlando and it "transacted, solicited and conducted ongoing business in" Florida. Doc. No. 6 at ¶¶ 5, 6.

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981, as binding precedent.

find that the two policies do not provide coverage. *Id.* The facts alleged in the Amended Complaint are sufficient to establish that no coverage exists under the policies.

## III. CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **GRANTING IN PART AND DENYING IN PART** the Motion (Doc. No. 13) as follows:

1. Issuing a declaratory judgment finding that the Commercial General Liability Policy (UDC-1644906-CGL-15) and the Professional Liability Policy (UDC-1644906-EO-15) do not provide coverage for the loss referred to in Defendant's loss notification form attached to the Amended Complaint as Doc. No. 6-9;

2. In all other respects, **DENYING** the Motion; and

3. **DIRECTING** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on April 18, 2017.

```
                                    /s/ Greg Kelly
                                    GREGORY J. KELLY
                                    UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy